# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 24-5084**

**September Term, 2025**

FILED ON: JANUARY 27, 2026

ANDREW DUDT,
                APPELLANT

v.

DANIEL DRISCOLL, SECRETARY OF THE ARMY
                APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-02431)

---

Before: RAO and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

## J U D G M E N T

We heard this appeal on the record from the United States District Court for the District of Columbia and the parties' briefs and arguments. We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

It is hereby **ORDERED** that the judgment of the district court be **AFFIRMED**.

\*    \*    \*

The United States military's advanced training courses push service members to their physical and mental limits. These programs prepare them for the high-intensity situations they may face in the field. They also test who can handle critical responsibilities under stress.

The Advanced Source Operations Course is among them. It trains students to collect intelligence against "terrorist, insurgent, criminal organizations and personnel." JA 67. The course subjects students to sleep deprivation, "mental strain, and physical fatigue," while forcing them to make high-stakes decisions "in an often complex and ambiguous environment." JA 69. Historically, around one in five students fails to finish because of the "significant stress which is necessarily built into th[e] course." *Id.*

Major Andrew Dudt attended the Advanced Source Operations Course in 2010. Before starting, he acknowledged that he had read and understood that he "must meet the criteria outlined" in the Student Evaluation Program. JA 120. Throughout the course, he believed he was on track to pass, but on the final day, evaluators told him he would be dismissed for poor performance. The school then issued an Academic Evaluation Report stating that he had not met graduation requirements and that he was "relieved from the course for poor Operational Suitability and Operational Judgement." JA 175.

Over the next decade, Dudt repeatedly challenged the Academic Evaluation Report. JA 84, 145, 176. His first effort was a complaint to the Department of Defense Inspector General, alleging he had been subjected to "unfair, abusive treatment" and "should be considered a graduate of the course." JA 145. In response, the office issued a report ("OIG Report") stating that the grading criteria for the course "could be more specific," but it found that Dudt had offered "no evidence to support the . . . request for retroactive credit for graduation." JA 117, 118.

Next, Dudt applied to the Army Board for Correction of Military Records to correct his academic record. JA 46-65. He offered three main arguments. JA 58-65. First, he said his instructors acted arbitrarily by subjecting him to room intrusion exercises that were more frequent and more difficult than the exercises of his peers.[1] JA 58-59. Second, he said his instructors violated the Student Evaluation Plan by failing to place him on academic probation or to offer retraining and retesting before dismissal. JA 60-61; 61-63. Third, he said the Academic Evaluation Report was procedurally deficient because it lacked his Reviewing Officer's signature. JA 63-65.

Before ruling, the Board received an advisory opinion from the Department of Defense Human Intelligence-Joint Center of Excellence. JA 31-32. "After an extensive review," the Center confirmed that Dudt had failed to complete the course and failed to achieve its standards. JA 31. The Board notified Dudt that it could adopt the advisory opinion's recommendation in whole, adopt it in part, or reject it. Dudt then reiterated that he "remain[ed] firm in believing" he was "entitled to the requested relief." JA 22.

The Board "found insufficient evidence to show that [Dudt] was removed from the course improperly." JA 28. It noted that the record showed he "was not meeting course standards in many areas." *Id.* The Board did not list the advisory opinion or Dudt's response to the advisory opinion among the materials it considered. *See* JA 25-26.

Dudt asked the Board to reconsider its decision, citing the advisory opinion and his response to it. JA 20. Because the Board had not listed the opinion and his response among the materials it considered, Dudt argued they were "'new' evidence justifying . . . reconsideration." *Id.* The Board then reaffirmed its earlier decision without explicitly adopting or rejecting the advisory opinion, holding that "[b]ased on a preponderance of evidence, . . . [the] Academic Evaluation Report . . . was not in error or unjust." JA 15, 16.

---

[1] This exercise, also known as a "knock and talk," involved a search of Dudt's hotel room and an interrogation. JA 153.

Dudt next sought review in the district court under the Administrative Procedure Act. JA 193-99. He argued, among other things, that the Board acted arbitrarily and capriciously by failing to respond to each of his arguments about the evaluation procedures. JA 183-84. In his view, the Board was required to respond point by point rather than summarily finding that the evidence supported the Academic Evaluation Report. JA 194-95. The court disagreed, granting summary judgment to the Secretary and denying Dudt's motion. JA 269.

Dudt now appeals.[2]

\* \* \*

Acting on behalf of the Secretary of the Army, the Army Board for Correction of Military Records "may correct any military record . . . when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). A person seeking correction bears "the burden of proving an error or injustice by a preponderance of the evidence." Army Reg. 15-185 ¶ 2-9, *Army Board for Correction of Military Records* (Mar. 31, 2006). If that burden is met, the Board may determine what relief is appropriate. *Id.* at ¶¶ 2-2; 2-10. The Board must issue written findings and recommendations and, if it denies relief, explain its rationale. *Id.* at ¶¶ 2-12; 2-13.

As with any review under the APA's arbitrary-and-capricious standard, the "question is not . . . whether we agree with the agency action," but "whether the agency action was reasonable and reasonably explained." *Jackson v. Mabus*, 808 F.3d 933, 936 (D.C. Cir. 2015). Though the Board must address arguments that "do not appear frivolous on their face and could affect the Board's ultimate disposition," *see Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997), we will uphold a Board decision that lacks "ideal clarity" if the decision's "path may reasonably be discerned." *Id.* at 176 (cleaned up). And even when the Board explanation of its decision is inadequate, a claimant is not entitled to vacatur and remand when "there 'is not the slightest uncertainty as to the outcome' on remand." *Estate of Insinga v. Commissioner of Internal Revenue*, 149 F.4th 709, 721 (D.C. Cir. 2025) (quoting *Calcutt v. Federal Deposit Insurance Corp.*, 598 U.S. 623, 630 (2023)). That's because a do-over serves no purpose when an error causes no prejudice.

\* \* \*

The Board's reasoning here could have been clearer, but we find that any error was harmless.

For starters, Dudt offers no evidence that "clearly and convincingly," *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000) (cleaned up), rebuts the presumption that military administrators "discharge their duties correctly, lawfully, and in good faith," *Frizelle*, 111 F.3d at 177 (cleaned up). The OIG Report did recommend clarifying grading criteria for the future, JA 113, but it also found no evidence that evaluators violated existing standards or "malicious[ly] . . . single[d] out [Dudt]." JA 118.

---

[2] We have jurisdiction under 28 U.S.C. § 1291 and review the district court's summary-judgment ruling de novo. *Roberts v. United States*, 741 F.3d 152, 157 (D.C. Cir. 2014).

3

As to Dudt's first argument, Dudt suffered no prejudice from the additional room-intrusion exercises.  *See* JA 31 (advisory opinion); JA 118 (OIG Report).

As to Dudt's second argument, Dudt was not entitled to retraining and retesting.  Both the OIG Report and the advisory opinion confirm that the Student Evaluation Plan authorizes dismissal if a student "demonstrates poor operational judgment" or "violates prescribed security practices," regardless of academic performance.  JA 126; *see also* JA 31 (advisory opinion noting that Dudt had seventeen adverse incidents, which "were addressed at each . . . review conducted after the completion of the exercises"); JA 113, 118 (OIG Report finding "no evidence that any instructors . . . deviated from training standards," advising against awarding a retroactive diploma, and finding "no evidence to support [Dudt's] request for retroactive credit").  Dudt offers no basis for us to second-guess these findings.

As to Dudt's third argument, Dudt claims he was denied a chance "to make his case" to his Reviewing Officer, pointing out that the Reviewing Officer did not sign the Academic Evaluation Report.  Appellant Reply Br. 18; *see also* Appellant Opening Br. 9.  But Dudt has had ample opportunities to contest his dismissal while he has been litigating this issue for well over a decade.  So the missing signature is, at worst, a harmless procedural error.

Finally, Dudt has not explained why the proper remedy for any procedural error would be to deem him a graduate of a course from which he did not graduate.  In other words, even if we were persuaded by one of Dudt's arguments, we would be loath to order the Army to declare him qualified "to collect positive intelligence information against terrorist, insurgent, criminal organizations and personnel" when the Army has determined otherwise.  JA 67.

We **AFFIRM** the judgment of the district court.

\* \* \*

This disposition is unpublished.  *See* D.C. Cir. R. 36(d).  We direct the Clerk to withhold this mandate until seven days after the resolution of a timely petition for panel or en banc rehearing.  *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:   /s/

Daniel J. Reidy
Deputy Clerk

4